J-S23014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY WHITAKER | : | |
| | : | |
| Appellant | : | No. 3129 EDA 2017 |

Appeal from the PCRA Order August 31, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001147-1994

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 08, 2018**

Appellant, Tracy Whitaker, appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A previous panel of this Court summarized the procedural history of this case as follows:

> [Appellant] was found guilty by a jury of first-degree murder, and related charges [on December 8, 1994], regarding the beating death of nine-month-old Robert Pringle, his girlfriend's son.[1]  [Appellant], who was not subject to the death penalty, was subsequently sentenced to a mandatory sentence of life imprisonment.  He filed a direct appeal, and this Court affirmed the judgment of sentence on August 15, 1995.  ***Commonwealth v. Whitaker***, 668 A.2d 1199 (Pa. Super. 1995) (unpublished memorandum).    The Pennsylvania Supreme Court denied

---

[1]  As the facts of the crime are not germane to the issues raised, we do not repeat them here.

---

*   Former Justice specially assigned to the Superior Court.

allowance of appeal on January 26, 1996. ***Commonwealth v. Whitaker***, 672 A.2d 307 (Pa. 1996). [Appellant's] sentence became final 90 days later, April 25, 1996, when time expired to seek review by the United States Supreme Court. ***See*** U.S.Sup.Ct.R. 13. . . . [T]he instant petition is [Appellant's] eighth PCRA petition.[2] The prior . . . petitions[3] were all denied as being

---

[2] In actuality, the prior petition was Appellant's ninth PCRA petition. ***See*** n.3, *infra*.

[3] Appellant's first PCRA petition was filed on October 22, 1997, this Court affirmed on May 21, 1998, and our Supreme Court denied review on March 5, 1999. ***Commonwealth v. Whitaker***, 575 PHL 98 (Pa. Super. 1998), *appeal denied*, 334 MD Misc. Dkt. 98. Appellant's second PCRA petition was filed on March 26, 2001, and denied on November 1, 2001. Appellant did not appeal the denial. The third PCRA petition was filed on April 25, 2003, denied on June 25, 2003, and affirmed by this Court on January 22, 2004. ***Commonwealth v. Whitaker***, 847 A.2d 762, 2317 EDA 2003 (Pa. Super. 2004) (unpublished memorandum). Appellant filed a fourth PCRA petition on June 22, 2007, which the PCRA court dismissed on October 11, 2007. Appellant filed a notice of appeal. ***Commonwealth v. Whitaker***, 1676 EDA 2008 (Pa. Super. 2008). While the appeal was pending, Appellant filed a fifth petition on February 21, 2008. The PCRA court dismissed the fifth petition pursuant to ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000). ***Commonwealth v. Whitaker***, 682 EDA 2008 (Pa. Super. 2008). Appellant then sought discontinuance of both his fourth and fifth PCRA petitions, which this Court granted on September 10, 2008, and July 23, 2008, respectively. Appellant filed a petition for writ of *habeas corpus*, which the common pleas court treated as Appellant's sixth PCRA petition. The PCRA court denied the petition, and this Court affirmed on August 26, 2009. ***Commonwealth v. Whitaker***, 984 A.2d 1025, 646 EDA 2009 (Pa. Super. 2009) (unpublished memorandum). Appellant filed a seventh petition captioned as a petition for writ of *habeas corpus* on April 2, 2011, which was denied by operation of law. We quashed Appellant's appeal *sua sponte* on December 22, 2011, "as having been taken from a purported order which is not entered upon the appropriate docket in the lower court. ***See*** Pa.R.A.P. 301(a)(1)." ***Commonwealth v. Whitaker***, 2504 EDA 2011 (Pa. Super. 2011). Appellant filed his eighth PCRA petition on May 4, 2013. The PCRA court dismissed the petition on September 20, 2013, and Appellant did not appeal. Appellant filed a ninth PCRA petition on October 16, 2014. The PCRA court dismissed the petition on January 12, 2016. Appellant filed an appeal, this Court affirmed on November 10, 2016, and our Supreme Court denied further review on May 9, 2017.

untimely, except for petition number five which was filed while the appeal from petition number four was still pending.[2]

> [2] [Appellant] filed at least five petitions for habeas corpus with the federal courts, all of which afforded [Appellant] no relief.[4]

***Whitaker***, 159 A.3d 582, 369 EDA 2016 (unpublished memorandum at *1).

On June 26, 2017, Appellant filed the instant *pro se* Petition for Collateral Relief.[5]   The Commonwealth responded on July 27, 2017.   On August 7, 2017, the PCRA court issued a notice of intent to dismiss the petition without a hearing.   Appellant responded on August 18, 2017, and the PCRA court dismissed the petition on August 30, 2017.   Appellant filed this timely appeal.   The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement; it filed an opinion on November 17, 2017.[6]

Appellant raises the following issues on appeal:

---

***Commonwealth v. Whitaker***, 159 A.3d 582, 369 EDA 2016 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 169 A.3d 516, 885 MAL 2016 (Pa. 2017).

[4] Appellant sought federal *habeas corpus* relief twelve times, all to no avail.

[5]  While the petition is docketed as filed on June 26, 2017, the document in the record certified to us on appeal was Appellant's Memorandum of Law in Support of Petitioner's Motion for Post Conviction Relief ("Appellant's Memorandum of Law"), which also was docketed on June 26, 2017.  Through the efforts of our Prothonotary, we obtained the PCRA petition as a supplemental certified record.

[6]  The PCRA court, in its opinion, determined Appellant's PCRA petition was untimely, but it wholly failed to address Appellant's purported applicability of one of the exceptions to the timeliness requirement.

- 3 -

I. Whether the PCRA Court err'd [sic] in dismissing Appellant's PCRA Motion under the auspice it lacked jurisdiction to rule on a timely filed PCRA Petition under the newly discovered fact doctrine pursuant to 42 Pa.C.S. § 9545(b)(1)(i),(ii),(2), and whether PCRA Court err'd [sic] in not conducting a hearing to determine if Appellant's argument suffered a complete 14th Amendment violation employed under Brady/Bagley Doctrine?

II. Whether Appellant suffered a 14th Amendment violation when the State withheld exculpatory and impeaching material evidence under Brady/Bagley Doctrine, violates Appellant's right to due process of law where the Commonwealth seeks to withhold impeaching material evidence in violation of the 14th Amendment's Federal Constitution?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Moreover, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary."

*Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting

*Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a

decision is within the discretion of the PCRA court and will not be overturned

absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601,

617 (Pa. 2015).

Initially, we must determine whether the PCRA court had jurisdiction to

review the merits of Appellant's issue based on the timing of Appellant's

petition. The timeliness of a PCRA petition is a jurisdictional threshold that

may not be disregarded in order to reach the merits of the claims raised in a

PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4

(Pa. Super. 2014) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203

(Pa. 2000)). Appellant's judgment of sentence became final on April 25,

1996,[7] when the time expired to seek relief in the United States Supreme

Court. *See* 42 Pa.C.S. § 9545(b)(3) (for purposes of calculating the timeliness

of a petition, a "judgment becomes final at the conclusion of direct review,

including discretionary review in the Supreme Court of the United States and

_____

[7] Appellant's judgment of sentence became final more than three months after the effective date of the 1995 amendments to the PCRA. Therefore, the proviso for cases where the judgment of sentence became final before the effective date of the 1995 amendments to the PCRA, *i.e.*, that a first petition shall be deemed timely if it was filed within one year of the effective date of the 1995 amendments, is not applicable. *Commonwealth v. Voss*, 838 A.2d 795, 799 (Pa. Super. 2003) ("Because the effective date of the amendments is January 16, 1996, the operative deadline for first-time PCRA petitions is January 16, 1997.").

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S.Sup.Ct.R. 13 (petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review). Therefore, Appellant had until April 25, 1997, to file a timely PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1) (A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . ."). Appellant filed the instant PCRA petition on June 26, 2017, over twenty years after his judgment of sentence became final. Hence, the petition is facially untimely.

The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)−(iii).[8]

_____

[8] The exceptions to the timeliness requirement are:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

*Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

Appellant alleges his PCRA claim is predicated on previously unknown facts, and he asserts the applicability of 42 Pa.C.S. § 9545(b)(1)(ii). This Court recently reiterated that whether a PCRA petitioner has satisfied the Section 9545(b)(1)(ii) time-bar exception "is analytically distinct from the merits of any substantive claim seeking relief." *Commonwealth v. Robinson*, ___ A.3d ___, 2018 PA Super 109, *3 (Pa. Super. filed May 2, 2018) (*en banc*).

> The text of the relevant subsection provides that "the facts upon which the claim is predicated were unknown to petitioner and could not have been ascertained by due diligence." 42 Pa.C.S. §9545(b)(1)(ii). . . . The plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, it simply requires petitioner to allege and prove that there were "facts" that were "unknown" to him and that he exercised "due diligence."

*Id.* (quoting *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007)).

---

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

In July of 2016, Appellant sought information from Delaware County Children and Youth Services ("CYS") under Pennsylvania's Right-to-Know Law[9] ("RTKL") regarding possible investigations of his girlfriend, the mother of his victim, by CYS and Philadelphia County Children Welfare Unit ("CWU"). Memorandum of Law, 6/26/16, at Exhibit B. By letter dated August 19, 2016, Delaware County Open Records Officer Anne Coogan responded with an "Attestation of **Nonexistence** of Records," noting that Appellant also had previously submitted this same request to CYS, and the Open Records Office had received it on July 15, 2015. *Id.* (emphasis added). The fifteen reasons cited in the Attestation of Nonexistence of Records included references to 65 P.S. 67.708(b)(17)(i–vi), 65 P.S. 67.708(b)(28)(i–ii) and 65 P.S. 67.708(b)(30).

In addition, Appellant requested review of the Department of Human Services case record related to his girlfriend, as acknowledged by Jonathan Houlon, Chief Deputy City Solicitor of the City of Philadelphia, CWU, by letter dated August 4, 2016. *Id.* Appellant asserts the information was "denied and affirmed by the Office of Open Records, Kelley C. Issenberg, Esq. on September 22, 2016," but the denial is not in the certified record. Appellant's Brief at 5.

---

[9] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

Appellant contends that such denials, for "numerous statutory reasons under the RTKL," suggest that: (1) such records must exist; (2) they must be favorable to Appellant in terms of providing either a basis for impeaching the victim's mother or exculpating Appellant; and (3) the Commonwealth was in violation of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), by not providing Appellant with the contents of the CYS and CWU files. Appellant's Brief at 7–9.

Contrary to Appellant's suggestion, nothing in Ms. Coogan's response suggested, let alone established, that: (1) there were records of an investigation into the victim's mother regarding alleged child abuse; (2) that the records which Appellant sought were ever in the possession of the prosecution; (3) that there are any records that were either a source of impeachment of the victim's mother or exculpatory of Appellant; or (4) Appellant was entitled to obtain information, if any existed, that was contained in the CYS and/or CWU records.

We reject Appellant's assertion of the applicability of 42 Pa.C.S. § 9545(b)(1)(ii) because his assertions are based on nothing but unsupported speculation. This does not provide a basis for overcoming the untimeliness of his PCRA petition. Moreover, it also is apparent from the two-decade delay that Appellant failed to seek out the information in a duly diligent manner. *See Robinson*, ___ A.3d at ___, 2018 PA Super 109, at *8. Surely, the alleged files Appellant sought to review, if they existed at all, existed in 1995,

in the year following the murder of nine-month-old Robert Pringle. Thus, the absence of due diligence additionally "serves to affirm the instant order." *Id.* at n.5. Because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18